■ In the Matter of the Claim of ALBERTA D. SHARRA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 21, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective October 26, 1974 because she voluntarily left her employment to follow her spouse to another locality. Claimant left her employment to go to Florida with her husband who, because of a heart condition, had been medically advised to move to a warmer climate. The board sustained the referee's finding that no compelling necessity required claimant's presence in Florida since claimant, at her hearing, stated, "I am not required to take care of my husband as he is able to get out and around and wait on himself." She further conceded that her husband does not require that she care for him in any way and, accordingly, she is completely free to accept employment. In the absence of any showing of a compelling necessity for the claimant's presence in another locality, disqualification ensues following a voluntary leaving (Matter of Wallach [Levine], 50 AD2d 989; Matter of Laba [Catherwood], 28 AD2d 1184). Since there is substantial evidence in the record to sustain the board's factual finding that claimant left her employment voluntarily, the decision must be affirmed. Decision affirmed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAIRYLEA COOPERATIVE, INC., et al., Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAIRYLEA COOPERATIVE, INC., et al., Respondents.—Appeals from orders of the Supreme Court at Special Term, entered October 30, 1975, October 31, 1975, November 3, 1975, November 5, 1975 and November 7, 1975 in Albany County, which granted defendants' motions to dismiss the indictments against them. Orders affirmed, on the opinion of Harvey, J., at Special Term. Contrary to appellant's argument, the subsequently decided case of People v Bel Air Equip. Corp. (39 NY2d 48) supports, rather than weakens, the reasoning of Special Term in concluding that the pertinent documents here involved were not "instruments" within the scope of section 175.35 of the Penal Law. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.