Michael W. Duskas, J.
The defendant, Verner M. Ingram, Jr., through a notice of motion dated May 28, 1976, and filed June 1, 1976, alleges that the indictment numbered 76-60 and the charges contained therein cannot be sustained upon the evidence introduced before the Grand Jury from which such *666 accusatory instrument was returned, and the defendant seeks an order from this court dismissing the indictment. There is annexed to the notice of motion and affidavit sworn to May 28, 1976, made by Ross E. Brown, attorney for said defendant, together with an exhibit entitled "notice of claim”,* submitted in support of the motion. The defendant raised several further grounds as well within the motion filed herein for the relief requested. The District Attorney of St. Lawrence County filed a written answer replying to the defendant’s motion and opposed the relief requested therein. The court reserved decision after hearing oral argument from respective counsel for the parties at a Special Term held June 7, 1976.
The defendant, Francis C. Russell, through his attorney, Eugene L. Nicandri, Esq., filed similar omnibus motions seeking an order from this court dismissing both indictments, numbered 76-60 and 76-61, and the court heard oral arguments by counsel for the respective parties at a Special Term held June 21, 1976, reserving decision and granting counsel for each of these defendants, and the District Attorney of St. Lawrence County, time within which to submit memoranda of law.
Upon considering the several motions and proceedings filed herein it became apparent to the court that an inspection of the Grand Jury proceedings should be conducted in order to ascertain whether the evidence introduced before such body was legally sufficient to support the charges contained in each of the indictments. Accordingly, this court obtained the stenographic transcript of the Grand Jury proceedings and conducted an in camera examination of the transcript.
The court renders its findings, viz.:
On January 11, 1976, at about 2:00-3:00 a.m. in the Village of Canton, a village patrolman observed the defendant, Rus *667 sell, in possession of a type of bag and which item (in the police officer’s view) the defendant surreptitiously buried in the snowbank. Russell was apprehended by the officer, the snowbank searched, and a woman’s purse was recovered. The officer took Russell in custody to the police station.
A police sergeant informed the defendant that a charge of criminal possession of stolen property would be laid against him and asked the defendant for identification. Defendant reportedly refused to comply with this request and the police officers contend that he commenced shouting obscenities which course of conduct continued during the related events. Physical force was employed by the officers to obtain defendant’s wallet for identification purposes and to restrain defendant. Russell thereafter was charged with several offenses based upon his alleged conduct while in custody, together with other offenses he was alleged to have committed, but the nature thereof is not pertinent to the pending motions.
The Grand Jury testimony of the police officers discloses that they acknowledge the defendant, Russell, while in custody twice demanded that such officers permit him to place a telephone call to an attorney and that the demands were denied — the officers asserting that such demands were made subsequent to their utilization of physical restraint upon Russell and during the time he was being booked and charges drawn by the officers. The officers further testified that they permitted him to place a telephone call to Verner M. Ingram, Jr., an attorney conducting a law practice in Potsdam, New York, subsequent to the officers having completed the preparation of criminal charges and booking procedures. No more than one hour had elapsed from initial arrest to this telephone call, and perhaps only one half of an hour, the call to the attorney having been placed at 3:00 a.m.
On March 12, 1976, a notice of claim, prepared by Verner M. Ingram, Jr., as attorney for Francis C. Russell, executed by Russell as claimant, and notarized by the attorney, was served upon public officers of the Village of Canton, whereunder Russell notified the municipality of his intentions to bring suit for damages allegedly sustained by him through the actions and misconduct of the village police officers. This notice clearly sets forth that the bases of such claim were false arrest and imprisonment, and second, an assault upon defendant by the police officers.
It is this instrument, the "notice of claim”, which is the *668 gravamen of the charges contained in these indictments and the issues pending before the court through the instant motions. Indictment No. 76-60 accuses the defendants, Francis Russell and Verner M. Ingram, Jr., with commission of the offense termed "Offering a false instrument for filing in the first degree” (Penal Law, § 175.35), and alternatively, with the lesser offense of second degree (Penal Law, § 175.30), thé higher offense requiring proof of an additional element, "with intent to defraud [the Village of Canton]”. Under indictment No. 76-61 the defendant, Russell, is charged alone with a single count of "Perjury in the second degree” (Penal Law, § 210.10). The charges contained in these indictments resulted from the following assertion in the notice of claim: "At that time, the claimant.was placed under arrest and taken to the headquarters of the Canton Village Police Department at the Town Hall on Main Street, in Canton, New York. At the Town Hall, the claimant requested that he be allowed his constitutional right to the assistance of counsel and asked to call his lawyer. This was refused, and the claimant against [sic.] requested the opportunity to call his lawyer. This was again denied. The claimant was then assaulted by members of the Canton Village Police Department and in the course of the assault, the claimant was struck in the face and chest”.
There is no further reference or mention in such notice of any action by the police officers denying the claimant an opportunity to place a telephone call to an attorney, the cited phrase containing the only language pertaining to the matter of telephone calls; nor is there any mention of the admitted fact that defendant was permitted (indeed assisted) by the police officers to telephone Verner M. Ingram, Jr., a short time after these two refusals.
The prosecution contends that the failure of defendants to expressly state within such notice that Russell was permitted by the police officers to telephone his attorney is criminally actionable, i.e. that such defendants offered an instrument for filing which within their mutual knowledge contained false and untrue statements. Indictment No. 76-60 accuses these defendants jointly with the commission of the following offenses:
"A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, *669 he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.” (Penal Law, § 175.35.)
The lesser offense contained in said indictment is based upon the following provisions contained in section 170.30 of the Penal Law: "A person is guilty of offering a false instrument for filing in the second degree when, knowing that a written instrument contains a false statement or false information, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.”
The very same factual allegations are relied upon by the prosecution in support of the indictment numbered 76-61, charging Russell alone with "Perjury in the second degree”, which offense is set forth in section 210.10 of the Penal Law as follows: "A person is guilty of perjury in the second degree when he swears falsely and when his false statement is (a) made in a subscribed written instrument for which an oath is required by law, and (b) made with intent to mislead a public servant in the performance of his official functions, and (c) material to the action, proceeding or matter involved.”
The court concludes that the factual findings made herein do not constitute proof of the elements contained in the indicted charges, nor will such findings support any lesser included offenses, and therefore, the motions by respective defendants for judgment dismissing these indictments must be granted. The conclusions of this court result from the following determinations:
I
The initial question before the court insofar as the pending motions concern indictment numbered 76-60 is whether or not a "notice of claim” is the sort of instrument intended to be within the scope of sections 175.30 and 175.35 of the Penal Law.
In People v Sansanese (17 NY2d 302), the Court of Appeals held that a false application for a New York operator’s license was not an "instrument” within the provisions of section 2051 of the former Penal Law which statute, although somewhat broader in scope, may be termed a forerunner in part to *670 section 175.30 of the Penal Law. The same court determined that a certificate of occupancy did not fall within the provisions of section 175.35 of the Penal Law. (People v Gottlieb, 36 NY2d 629.) Monthly milk plant reports required to be filed with the State of New York Department of Agriculture and Markets by the milk production and marketing co-operative were held to be documents not contemplated by the Legislature as being encompassed within section 175.35 of the Penal Law. (People v Dairylea Co-op., Sup Ct, Albany County, Oct 16, 1975 [Harvey, J.], affd 52 AD2d 1004.)
The highest court of this State set forth in a recent opinion the factors and criteria to be taken into consideration in a determination whether or not a particular instrument falls within the provisions of the Penal Law contained in the current charges: "When a claim is made that a particular document is not an instrument within the meaning of the statutory prohibition, the character and contents of the document must be closely analyzed. The court must not only ascertain whether the particular document falls within the literal scope of the statute but also whether the document is of a character that the mischief the statute seeks to prevent would ensue if the document were filed. Where both standards are satisfied, the document, of course, is an instrument as that term is utilized in this statute.” (People v Bel Air Equip. Corp., 39 NY2d 48, 54-55.)
The provisions of sections 175.30 and 175.35 of the Penal Law proscribe the filing of written instruments containing false information or statements with public officials of the State, or political subdivisions thereof, where the public servants would be expected to act upon the instruments believing the contents to be truthful and accurate. A notice of claim is not a document encompassed by these penal provisions. Under our laws it is an instrument required to be filed before a civil lawsuit against a municipality (in this case a village) for personal injury allegedly sustained by a person due to the negligent or wrongful act of a public officer or employee can be commenced. Among the reasons for requiring the filing of a notice before bringing an action against a political subdivision is the primary purpose of enabling the municipality to promptly investigate the alleged claim, to inquire of the public officials, agents, or employees alleged to have been involved or responsible, and generally, to initially determine whether there is any substance to the claim; and therefore, the claim *671 ant is required to file the notice within 90 days from the date that the personal or property injury was sustained. This normally is sufficient notice to permit the municipality to make a timely investigation and within a period where it is likely the persons involved are still employed by the municipality, or if employment has been terminated, the whereabouts of the former employees would be known. A person filing the notice does not expect to receive forthwith from the municipality any payment to settle the claim, but rather has exercised this statutorily required procedure of preparing and filing a written notice in order that he may later make a claim against the political subdivision through a civil lawsuit instituted by the service of a complaint. It cannot be said that in the instant case the defendant, Russell, intended or anticipated that the Village of Canton, or its public officials, would remit a $50,000 payment for the damages he allegedly had sustained. Since this court has determined that a notice of claim is not an instrument as that term is contained in sections 175.30 and 175.35 of the Penal Law, and because there are no lesser offenses contained in article 175 of the Penal Law, the indictment numbered 76-60 must be dismissed.
II
Indictment No. 76-61 accuses Francis C. Russell with having committed "Perjury in the second degree” (Penal Law, § 210.10), and which penal provision requires proof that the false statement is "material to the action, proceeding or matter involved.”
The failure by defendant, Russell, to include a statement in the notice of claim that he had been permitted to telephone an attorney, or alternatively, the inclusion therein of language to the effect that he had been prevented on two occasions from making such a telephone call (all persons present at the time agreeing upon this fact) without also stating that he had been permitted to make the call upon his third demand, is a matter which is totally immaterial to the alleged claim of Russell for damages and is itself not civilly actionable. The only apparent disagreement found in comparing the Grand Jury testimony of the police officers and the affidavit of defendant, Russell, constituting his notice of claim, regarding the matter of telephone calls from the police station is that the officers testified that the defendant demanded on two *672 occasions after his altercation with the officers that he be permitted to place the call, whereas the defendant claims he made the demands just before or during the use of restraint upon him. In either situation the refusal by the police officers was legal — there was no infringement of any constitutional right, since none exists — a defendant being entitled to request the presence of counsel during interrogation, or after booking procedures and confinement pending arraignment (in order that counsel could appear in court with the accused), or at the time of arraignment before the local criminal court. (CPL 170.10, subd 3, par [b]; subd 4, par [a].) Under the circumstances found in the instant case the defendant was not improperly or illegally denied right to counsel through the actions of the police officers and there can be no claim upon such grounds; and, moreover, a fair reading of the notice of claim evinces a clear statement of the nature of each claim, i.e. one is for false arrest and imprisonment, and the second is for assault. Nothing contained in such notice can be construed as a claim for denial of right to counsel. This determination is further supported by the fact that if the defendant had included within the notice of claim the entire matter pertaining to the telephone calls, or had he entirely omitted mention thereof in such claim, the notice drafted in either manner would not have materially affected the alleged claims.
The prosecution is thus found to have improperly charged the Grand Jury on the law regarding this element of the crime of perjury in the second degree, and this charge contained in indictment No. 76-61 must be dismissed.
Ill
The determination of this court that the charge of "Perjury in the second degree” is unfounded does not by itself constitute a discharge of indictment numbered 76-61, since the Penal Law contains a lesser included offense thereof, "Perjury in the third degree”, which defines such offense as follows: "A person is guilty of perjury in the third degree when he swears falsely.” (Penal Law, § 210.05.).
It is incumbent upon this court, therefore, to determine whether the evidence introduced before the Grand Jury from which indictment numbered 76-61 was returned and filed is legally sufficient to support the third degree offense. (CPL 210.20, subd 1, par [b]; 210.45, subds 3, 4.)
Even after reviewing the entire stenographic transcript of *673 the proceedings before the Grand Jury it is unclear to this court what theory the prosecution pursued in its attempt to prove that the defendant, Russell, committed a falsehood in a sworn statement. The People elicited testimony from witnesses regarding their personal observations of the defendant, Russell, concerning his physical appearance and condition at the time of his comitment to jail pending the posting of bail for his release. The court presumes, therefore, that the District Attorney was attempting to prove that no assault occurred, and thus, that Russell filed a false claim. Indeed, the District Attorney asserted that proof would be introduced that there had been no assault upon the defendant, Russell, by the village police officers; therefore, that the notice of claim filed by Russell was fraudulent. On the other hand, the examination of the proceedings discloses evidence to the contrary and which is comprised of the testimony of the police officers themselves. These witnesses testified to the effect that they had used physical force to secure identification from the defendant (to obtain his wallet) and to restrain him. It may be assumed, therefore, that the defendant’s notice of claim seeks damages for injuries he allegedly sustained by the improper use of force upon him by these officers — illegally, or if with justification, then excessively. Whether the physical force applied by the police officers was properly used or not is an issue for the civil courts, and so is the question, did the defendant sustain any injuries. It is inconceivable that the prosecution can assert that the claim is fraudulent because there was in fact no assault committed upon the defendant, Russell, and at the same time introduced testimony from prosecution witnesses evidencing the actual use of physical force upon the person of the defendant, for such are the elements of civil assault. This determination does not conclude that the force applied was improper, or illegal, or excessive— thus, the court is not concerned whether there is merit to defendant’s claim. The court does find, however, that the defendant, Russell, cannot be found to have perjured himself by the inclusion of a statement in his claim that he had been assaulted by the police officers. The motion papers submitted by defendants contain exhibits supporting defendant’s claim that he did sustain physical injuries. (CPL 210.45, subd 1.) Accordingly, the prosecution has failed to submit any evidence whatsoever that the defendant’s claim that he sustained injuries as a result of an assault by the police officers is false. *674 There being no further lesser included offense to be considered under the charge contained in this indictment, the indictment must be dismissed.

 The "notice of claim” is dated February 5, 1976, executed by Francis C. Russell, as claimant, and sworn to the same date before Verner M. Ingram, Jr., a notary public. This notice was purportedly made, served and filed under the provisions of CPLR 9801 and section 50-e of the General Municipal Law. References to this instrument are hereafter cited as "Notice”.
There is also annexed as an exhibit to the defendant’s motion a copy of an "amended notice of claim”, dated and sworn to April 6, 1976. The court does not consider this instrument pertinent to the issues on these motions, since the document was prepared, executed and filed subsequent to the commencement of the Grand Jury proceedings which concerned and dealt with the originally executed "notice of claim”, although it is noted that the amended notice was introduced into evidence at a Grand Jury proceeding held before the indictment was returned.