THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CANNAROZZO, Appellant.

Fourth Department, May 26, 1978

**APPEARANCES OF COUNSEL**

*Palmiere, Passero & Crimi (Norman Palmiere* of counsel), for appellant.

*Lawrence T. Kurlander, District Attorney (Adam Bernstein* of counsel), for respondent.

**OPINION OF THE COURT**

Simons, J.

Defendant has been convicted of criminal possession of a forged instrument based upon evidence that he knowingly possessed a forged class 1 chauffeur's motor vehicle license (Penal Law, § 170.10, subd 3; § 175.25). There is sufficient evidence to sustain the conviction if the license was a forged instrument under the applicable provisions of the Penal Law.

Defendant obtained the instrument by having his class 3 chauffeur's license amended to class 1 by Larry Masters, supervisor in charge of the County Clerk's branch office in Irondequoit. It was issued improperly because defendant had not passed the required tests. The proof established that defendant's license application was approved by Masters, and although the new license itself was not received in evidence, there was circumstantial proof that a class 1 chauffeur's license had been issued to defendant which was validated with the stamped signature of the Commissioner of Motor Vehicles, and that defendant had exhibited the false license to State Police on two occasions when charged with traffic offenses.

■ It is defendant's contention that the license was not a forged instrument, that though false because it indicated it was a class 1 license rather than the defendant's lawful class 3 license, it was not "falsely made", "falsely altered", or "falsely completed" as proscribed by the forgery statutes (Penal Law, § 170.00, subds 4, 5, 6). We agree.

The essence of the crime of forgery is the execution of an instrument which is not authentic. The distinction to be drawn is the difference between an instrument which is falsely made, and one that is made falsely *(People v Klein,* 16 NY2d 263; *Mann v People,* 15 Hun 155, affd 75 NY 484; *Goucher v State,* 113 Neb 352; see, also, Ann. 41 ALR 229). Only instruments falsely made are forgeries and a person does not "falsely make" an instrument when he is authorized to execute it. In this instance, the County Clerk was authorized by statute to issue drivers' licenses and he designated Masters as supervisor of the Irondequoit motor vehicle office to act on his behalf for this purpose (see Vehicle and Traffic Law, § 205). As the agent of the Commissioner of Motor Vehicles, Masters could be guilty of forgery in executing the license only if he had limited authority to make it and he acted outside that authority (see, e.g., *People v Dickie,* 62 Hun 400). That was not the case here because Masters' authority was plenary. The

instrument given to defendant contained the false information that it was a class 1 license, but it was an authentic license which Masters was authorized to issue. It was in fact the act of the ostensible maker and represented to be such and therefore it was not a forgery *(People v Klein, supra; Mann v People, supra)*.

The People concede that this states the rule as it existed before the revision of the Penal Law. They contend, however, that the new statute (L 1965, ch 1030, Penal Law, § 170.00) was intended to change the existing rule and that Masters' conduct fits within the statutorily proscribed acts of "falsely completing" or "falsely altering" because issuance of a class 1 license without a test was not "fully authorized" by the commissioner. The crime of forgery has been defined in this way by decisions in other jurisdictions (see *Matter of Clemons,* 168 Ohio St 83; *People v Mau,* 377 Ill 199; *Commonwealth v Wilson,* 89 Ky 157), but the former New York rule on forgery was in accord with the common-law rule applied in the majority of States (see Ann. 41 ALR 229; 36 Am Jur 2d, Forgery, § 6; 37 CJS, Forgery, § 5), and there is no evidence indicating that the Legislature intended to modify the rule when it enacted the revised Penal Law.

On the contrary, the new statutory definitions are entirely compatible with prior case law and no language in the statute expressly brings the conduct at issue here within the new statute. Thus, the definition in subdivision 4 of section 170.00 of the Penal Law provides: "4. 'Falsely make.' A person 'falsely makes' a written instrument when he makes or draws a complete written instrument in its entirety, or an incomplete written instrument, which *purports to be an authentic creation of its ostensible maker or drawer, but which is not such* either because the ostensible maker or drawer is fictitious or because, if real, he did not authorize the making or drawing thereof" (emphasis added). The emphasized language is a clear statement of the common-law rule that forgery is the making of an instrument that purports to be made by someone else. The only possible indication of a contrary intent in this definition is in the language "but which is not such * * * because the ostensible maker or drawer * * * did not authorize the making or drawing thereof." Masters did not violate this statute because he had general authority to issue the license and did so openly as the commissioner's agent. The license, though false, was the "authentic creation" of the

Commissioner of Motor Vehicles by his designated agent. Masters' conduct was otherwise unlawful but it did not constitute forgery under prior law or under the revised statute (cf. *People v Dickie,* 62 Hun 400, *supra).*

Subdivisions 5 and 6 of the revised forgery statute also refer to the authority of the maker. The critical language in the definitions of "falsely complete" and "falsely alter" is: "so that such complete instrument appears or purports to be * * * an authentic creation of or fully authorized by its ostensible maker or drawer" (Penal Law, § 170.00, subds 5, 6). The language "purports to be * * * [the] creation of * * * its *ostensible* maker" (emphasis supplied) restates the rule under the interpretations of the old statute and the phrase "fully authorized" is consistent with cases in which the signature on an instrument is genuine and another person completes or alters the content of the instrument. Thus, "fully authorized" refers to acts in excess of the maker's authority such as altering or completing the amount of a check by someone with no authority to do so or in excess of the amount he is authorized to fill in; the completion or alteration purports to be the act of another, the genuine signer, and thus is consistent with the traditional definition of forgery (see *People v Dickie, supra).*

The legislative history of the statute also supports the view that forgery takes place only when the instrument is not genuine (Staff Notes of the Commission on Revision of the Penal Law and Criminal Code [McKinney's 1964 Sess Laws, pp 2010-2026; see, also, Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, art 170, p 269: "[t]he revised Article * * * (3) includ[es] only crimes of a genuine forgery nature"; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 175.05, p 304 [discussing *Mann v People, supra,* and indicating that the drafters purposely restricted the forgery article to its traditional definition]).

Finally, it should be noted that *People v Klein* (16 NY2d 263, *supra)* was decided in 1965 after enactment of the revised Penal Law but before it took effect. In *Klein* the Court of Appeals adopted the traditional common-law definition of forgery as falsely making an instrument. Apparently no need for change was apprehended by the Legislature as a result of that decision, however, and the few courts which have had occasion to consider the question since the Penal Law was

adopted in 1964 have assumed that no change in the prior rule was intended (see *People v Sangiovanni,* 52 AD2d 930; *People v Altman,* 83 Misc 2d 771, 772; *Shapiro v Ferrandina,* 478 F2d 894, 910).

■ ■ One does not commit the crime of forgery under section 170.00 *et seq.* of the Penal Law by making an instrument in one's own name which falsely purports to bind another if the maker is authorized to make the instrument, though the recitals of the instrument be false and though the instrument be made with fraudulent intent. Since defendant's license was not a forged instrument, his conviction for possession of a forged instrument should be reversed and the indictment dismissed.

MARSH, P. J., MOULE, HANCOCK, JR., and WITMER, JJ., concur.

Judgment unanimously reversed, on the law, and indictment dismissed.