502

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOLLY LEVITAN, ELSIE RUTKOWSKI, Also Known as ELSIE RUTKOWSKY, and DAVID RUTKOWSKI, Also Known as DAVID RUTKOWSKY, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOLLY LEVITAN, DAVID RUTKOWSKI, Also Known as DAVID RUTKOWSKY, and LAURELL ASSOCIATES, INC., Appellants.

Second Department, December 29, 1978

**APPEARANCES OF COUNSEL**

*Carl Spitznagel, Jr.,* for appellants.

*Patrick Henry, District Attorney (Vincent A. Malito* and *Iain Taylor* of counsel), for respondent.

## OPINION OF THE COURT

MARTUSCELLO, J.

The defendants appeal from four judgments of the County Court, Suffolk County, one as to each of them, convicting them of numerous counts of forgery in the second degree, after a nonjury trial, and imposing sentence.

The sole issue raised by these defendants is whether a nonowner of real property who executes a deed in her own name may be guilty of forgery.

Defendant Molly Levitan executed three full covenant and warranty deeds, signing them in her own name; in one of them she signed as an individual grantor, in the others she signed as officer of a corporate grantor. The deeds purported to convey parcels to various entities under the control of the codefendants. Neither she nor the purported corporate grantors had title to the properties. The purpose of these transactions was to place previously unassessed land on the assessment roll of the Town of Brookhaven so that the defendants could bid at a subsequent tax sale and acquire tax deeds of these parcels.

Defendants acknowledge that the deeds were instruments within the meaning of the forgery sections of the Penal Law (Penal Law, § 170.10, subds 1, 2). They nevertheless argue that defendant Levitan's act was no more than a misrepresentation of material fact (i.e., ownership), not a misrepresentation as to its execution, and that the former does not constitute a forgery.

The two indictments charged the defendants with numerous counts of forgery in the second degree in that, acting in concert, "with intent to defraud, deceive or injure another, [they] falsely made, completed or altered" the deeds which were then recorded. At the trial the parties stipulated as follows:

"The agreed upon facts which form the basis of the indictments in the present case are as follows: 'At a time prior to and on the dates the deeds were executed, the defendants, acting in concert and in aid of one another, engaged upon a scheme to have certain parcels, wherein the owners were unknown to the tax assessor, existing in the County of Suffolk, and known to the defendants to be placed upon tax rolls to

enable the defendant thereafter to purchase said properties at a tax sale and thereafter acquire a tax deed and good title. In furtherance of that scheme they caused to have recorded the three deeds specified in the indictments, executed by Molly Levitan in her own capacity and in her capacity as a principal in the corporations and or companies named therein as grantor. At the time these deeds were executed none of the defendants had any claims to title on the properties or any right title or interest therein. The covenants contained in the deeds insofar as they represent good title were untrue. The companies or corporations, as they appear as grantor or grantee in the various three deeds, were companies or corporations in which the individual defendants were principals. They were obviously aware of the fact that the covenants as to title were untrue. As part of the plan, the deeds were executed on the dates stated thereon before the Notary Public stated thereon, were then recorded in the Office of the Clerk of the County of Suffolk on the dates indicated and recorded at the Liber and page reflected thereon.

"It is further agreed that all of the deeds were returned to the defendants by the Office of the County Clerk either at the home of David Rutkowsky or at a post office box rented by him on November 7, 1969 at East Moriches.' "

It is the contention of the defense that as a matter of law no forgery was committed because Molly Levitan used her own name when she executed the deeds. The trial court (nonjury) found that, under the circumstances, the execution of these deeds fell within the statutory definition of forgery. I agree.

Section 170.10 of the Penal Law states: "A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent * * * (1) [a] deed". Subdivision 4 of section 170.00 of the Penal Law defines "falsely make" as the making or drawing of an instrument *"which purports to be an authentic creation of its ostensible maker or drawer, but which is not* such either because the ostensible maker or drawer is fictitious or because, if real, he did not authorize the making or drawing thereof" (emphasis supplied).

It is well established that under certain circumstances one may "falsely make" a written instrument although using one's own name. Where, with the intent to deceive, someone

with the same name as the owner of property executes an instrument as the owner thereof, he has committed forgery (see *People's Trust Co. v Smith,* 215 NY 488; *Internatinal Union Bank v National Sur. Co.,* 245 NY 368, 373).

It is true that the execution of an instrument "under a false assumption of authority" does not constitute forgery (see, e.g., *Gilbert v United States,* 370 US 650; *People v Mann,* 75 NY 484). In *Gilbert* the defendant indorsed and cashed checks as "trustee" for payees who had never authorized him to act as their trustee. It was held *(supra,* p 657) that this did not constitute forgery, because the common-law definition of forgery "should not be taken to include an agency endorsement." However, *Gilbert* is inapposite because Molly Levitan did not purport to act as the agent of the actual owners (see *United States v Dimond,* 445 F2d 866, 867).

In *People v Mann (supra),* the defendant, the County Treasurer of Saratoga County, one Henry A. Mann, without authorization, issued a negotiable instrument binding upon the county. Since he signed the instrument "Henry A. Mann, Treasurer" *(supra,* p 484) the court held *(supra,* p 486) that his act did not fall within the statutory definition of forgery, i.e., to make an instrument " 'being or purporting to be the act of another' ". He had not misrepresented either his identity or his position, only the fact that he had not received county authorization. However, in *People v Filkin* (83 App Div 589, affd 176 NY 548), where the defendant issued bounty certificates in his own name but with the title "Town Clerk", after his term as Town Clerk had expired, the court noted (albeit in dicta) that the defendant's conduct fell within the Century Dictionary's definition of forgery (83 App Div 589, 597, *supra),* i.e., " 'the false making of an instrument which purports to be that which it is not, as distinguished from an instrument which purports to be what it really is, but contains false statements.' " Therefore, assuming another's title or capacity may constitute forgery.

In the instant case, Molly Levitan, acting in concert with the other defendants, did far more than misrepresent her authority to convey the properties. She and the purported corporate grantors actually assumed the title, capacity and identity of the true owners. Her act was analogous to the situation presented in *Ketchum v United States* (327 F Supp 768, 770), where filling in one's name as payee and indorser on a blank United States Government check was held to consti-

tute forgery based on the false making of an obligation. In that case the codefendant was able to hold herself out as the legitimate payee because the person who accepted the indorsement as genuine could not know the identity of the true payee. Similarly, in the instant case, Molly Levitan was able to hold out herself and the purported corporate grantors as the true owners of the properties in question because the names of the true owners were unrecorded and unknown (see, also, *Jolly v United States,* 411 F2d 618).

Defendants rely primarily on *People v Cannarozzo* (62 AD2d 503) and *People v Dairylea Co-op.* (Supreme Ct, Albany County, Oct. 16, 1975, HARVEY, J., affd 52 AD2d 1004). However, these cases support the People's position herein.

In *People v Cannarozzo (supra),* the defendant had been convicted of criminal possession of a forged instrument, a class 1 chauffeur's license. He had obtained the instrument by having his valid class 3 chauffeur's license amended to class 1 by a supervisor in the local County Clerk's office. The defendant argued that the amended license was not a forged instrument, because it was not falsely made, falsely completed, or falsely altered within the meaning of subdivisions 4, 5 and 6 of section 170.00 of the Penal Law. The court agreed, stating *(supra,* pp 504-505): "The essence of the crime of forgery is the execution of an instrument which is not authentic. The distinction to be drawn is the difference between an instrument which is falsely made, and one that is made falsely * * * Only instruments falsely made are forgeries and a person does not 'falsely make' an instrument when he is authorized to execute it. In this instance, the County Clerk was authorized by the statute to issue drivers' licenses and he designated Masters as supervisor of the Irondequoit motor vehicle office to act on his behalf for this purpose * * * As the agent of the Commissioner of Motor Vehicles, Masters could be guilty of forgery in executing the license only if he had limited authority to make it and he acted outside that authority * * * That was not the case here because Masters' authority was plenary. The instrument given to defendant contained the false information that it was a class 1 license, but it was an authentic license which Masters was authorized to issue. It was in fact the act of the ostensible maker and represented to be such and therefore it was not a forgery".

The court went on to discuss subdivision 4 of section 170.00 of the Penal Law in more detail *(People v Cannarozzo,* 62

AD2d 503, 505, *supra)* emphasizing the forged nature of any written instrument which *"purports to be an authentic creation of its ostensible maker or drawer, but which is not".* Moreover, the court adverted to the legislative history of the forgery statute and observed *(supra,* p 506) that that history "also supports the view that forgery takes place only when the instrument is not genuine". Finally, the court concluded *(supra,* p 507): "One does not commit the crime of forgery under section 170.00 *et seq.* of the Penal Law by making an instrument in one's own name which falsely purports to bind another *if the maker is authorized to make the instrument"* (emphasis supplied).

In *People v Dairylea Co-op.* (Supreme Ct, Albany County, Oct. 16, 1975, affd 52 AD2d 1004) the corporate defendant was charged with offering a false instrument for filing and criminal possession of a forged instrument. The documents in question were so-called "plant reports" which had to be filed with the New York State Department of Agriculture and Markets. Defendant's principal contention was that those reports were not "instruments" within the meaning of the forgery statute. Criminal Term agreed that the plant reports were not "false instrument[s]" and then went on to discuss whether they were " 'forged' instruments" as contemplated by subdivision 4 of section 170.00 of the Penal Law, which defines "falsely make". The court stated:

"The Court concludes that the 'false making' of a written instrument pertains to its authenticity as an instrument and not to the content thereof. A complete written instrument which purports to be an authentic creation of its ostensible maker is a forgery only when it is not the creation of its ostensible maker because the maker is either fictitious or he did not authorize the drawing or making thereof. * * *

"The essential ingredient of forgery has to do with the making of the instrument rather than the contents thereof. The defendant must have 'falsely made' the document (pretending to have authority of a real nature when he does not); 'falsely completed' the document (pretending that it is completed without such completion having been authorized by a real maker); or 'falsely altered' the document (by erasure or insertion of new matter) to represent an authorized creation by a real maker (which it is not)."

Here, the fradulent deeds lacked any color of authenticity. Admittedly, Molly Levitan was not the "real" maker (Penal

Law, § 170.00, subd 4) of the instruments because only the true owner of each property in question could have been the "real" grantor. Thus, the deeds in question fall within the definition of "falsely make" since each involves the drawing of an instrument "which purports to be an authentic creation of its ostensible maker or drawer, but which is not" (Penal Law, § 170.00, subd 4).

Accordingly, the judgments under review must be affirmed.

HOPKINS, J. P., LATHAM and DAMIANI, JJ., concur.

Four judgments of the County Court, Suffolk County, one as to each defendant, all rendered January 11, 1978, affirmed and case remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5).