■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GLAZER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered August 29, 1983, convicting him of criminal possession of a forged instrument in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a forged instrument in the second degree under count three of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, the judgment is affirmed.

The defendant argues, and the People concede, that count three of the indictment charging him with criminal possession of a forged instrument in the second degree is defective because the act with which he is charged does not constitute a crime, and should be dismissed. The alleged forged instrument is a purchaser's credit application. The defendant completed the instrument in his own name. Although he submitted false information as to his employment, the defendant did not seek to mislead the lender as to his identity. Therefore, the purchaser's credit application is not a forged instrument and the defendant's conviction under that count is reversed, the sentence thereunder vacated and that count of the indictment dismissed (see, Penal Law § 170.10 [1]; § 170.25; *People v Briggins,* 50 NY2d 302; *People v Levitan,* 49 NY2d 87; *People v Cannarozzo,* 62 AD2d 503, *affd* 48 NY2d 687).

The defendant's sentence on the remaining count was imposed pursuant to a negotiated plea and, therefore, he has no cause to complain that it is unduly harsh and excessive *(People v Kazepis,* 101 AD2d 816). Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.