NOAH v. BANK FOR SAVINGS IN THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 11, 1916.)

1. BANKS AND BANKING ⊘⟳148—FORGED DRAFTS—PAYMENT BY BANK—LIA-
BILITY.
Ordinary banks of deposit act at their peril in cashing checks, and are
absolutely liable for payments made upon forged checks.
[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§
438–446, 451, 452; Dec. Dig. ⊘⟳148.]

2. BANKS AND BANKING ⊘⟳301—FORGED DRAFTS—PAYMENT BY SAVINGS
BANK—LIABILITY.
A savings bank is not liable for paying a forged draft, unless it is negli-
gent in failing to detect the forgery, which can only be imputed to it where
the discrepancy between the signature on the draft and that on the de-
positor's book is so marked and plain that an ordinarily competent clerk,
exercising reasonable care, should detect forgery.
[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§
1159, 1162–1164, 1166–1168, 1172–1176; Dec. Dig. ⊘⟳301.]

3. BANKS AND BANKING ⊘⟳301—SAVINGS BANK—FORGED DRAFT—COMPARING
SIGNATURES—SLIGHT DISCREPANCY.
The mere circumstance that the signature on a draft does not precisely
resemble the signature of a depositor of a savings bank written in the sig-
nature book does not impute culpable negligence of the bank for failure
to detect a forgery of the draft, since the depositors of savings banks are
persons who seldom have occasion to write their names, have never
adopted a standard signature, and whose signature on different occasions
differs considerably, which facts must be taken into account by the clerk
making the comparison.
[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§
1159, 1162–1164, 1166–1168, 1172–1176; Dec. Dig. ⊘⟳301.]

4. BANKS AND BANKING ⊘⟳301—SAVINGS BANK—FORGED DRAFTS—COMPAR-
ING SIGNATURES—NEGLIGENCE—RULE.
The rule for determining the liability of a savings bank for negligence
in failing to discover the forgery of a draft, by comparing the signature
thereon with that of a depositor on his passbook or in the signature book,
is that if the discrepancy is not marked and apparent, or it would require
a critical examination to detect, the failure of the bank to discover such
discrepancy is not evidence of negligence.
[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§
1159, 1162–1164, 1166–1168, 1172–1176; Dec. Dig. ⊘⟳301.]

5. BANKS AND BANKING ⊘⟳306—SAVINGS BANK PAYING FORGED DRAFTS—
LIABILITY—INSTRUCTION.
In an action by a savings bank depositor to recover the amount of a
forged draft paid out by the bank, the instruction that if the discrepancy
between the signature on the draft and that of plaintiff was not marked
and apparent, or would require a critical examination to detect, that fact
might be considered by the jury in determining whether the defendant
exercised ordinary care to prevent fraud upon plaintiff, was error, since
such instruction left it open to the jury to find defendant negligent, though
such discrepancy was not marked and apparent, and would require a
critical examination to detect.
[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§
1165, 1169, 1183–1188; Dec. Dig. ⊘⟳306.]

Dowling, J., dissenting.

⊘⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, New York County.

Action by Ernestine Noah against the Bank for Savings in the City of New York. From a judgment against it, and an order denying its motion for a new trial, defendant appeals. Reversed.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Cornelius W. Wickersham, of New York City, for appellant.
I. H. Lehman, of New York City, for respondent.

SCOTT, J. This is an action by a depositor against a savings bank to recover the amount of the deposit, which was paid out upon forged drafts. On September 7, 1912, plaintiff had on deposit in the defendant savings bank the sum of $2,332.79. Her son, a young man about 20 years of age, having stolen the bank book, forged his mother's name to a draft for $300, payable to himself or bearer, and presented the draft, with the book, to defendant, and received said sum of $300, which was charged against plaintiff's account. Later he presented three other forged drafts, upon which he was paid the total amount of the deposit, in each case presenting the passbook with the draft.

Upon discovery of the facts, plaintiff demanded payment from the defendant, which was refused. On the trial the defendant gave evidence showing the course of procedure adopted by it when drafts were presented payable to some one other than the depositor, and there seems to be no doubt that this general course of procedure was followed in the case of each draft involved in the present action. Among the precautions taken by defendant in such a case was the comparison of the signature upon the draft, with that of the depositor written at the time of opening the account, and the sole question in the case, in the last analysis, is whether or not there was such discrepancy between the forged signatures and the admittedly genuine signature of the plaintiff as to impute to defendant negligence and lack of ordinary care by reason of its failure to detect the forgery.

[1, 2] The rule as to the liability of savings banks for payments made upon forged drafts is well settled. It is quite different from that which applies to ordinary banks of deposit, which act at their peril and are absolutely liable for payments made upon forged checks, no matter how skillful the forgery may be. In the case of savings banks, however, the rule is that the bank will not be liable for having paid upon a forged draft unless negligence can be imputed to it; that is to say, unless the discrepancy between the signatures are so marked and plain that an ordinarily competent clerk, exercising reasonable care, should detect the forgery. Campbell v. Schenectady Savings Bank, 114 App. Div. 337, 99 N. Y. Supp. 927; Kelley v. Buffalo Savings Bank, 180 N. Y. 171, 72 N. E. 995, 69 L. R. A. 317, 105 Am. St. Rep. 720; Appleby v. Erie County Savings Bank, 62 N. Y. 12.

[3] In the case at bar it was satisfactorily shown that in the case of each draft a comparison was made (not always by the same clerk) between the signatures on the draft and the depositor's signature in the signature book. It is perhaps of some significance that, although several clerks made the comparisons, they all passed the signatures on

the drafts, which do not differ materially from each other, as containing genuine signatures, although to the untrained and inexperienced eye there seems to be a considerable difference between the genuine and the forged signatures. It is undoubtedly true, as has been pointed out in several reported cases, and as comports with our general knowledge, that many depositors in savings banks are persons who seldom have occasion to write their names, have never adopted what may be called a standard signature, and whose signatures made on different occasions differ considerably. This is a matter which must necessarily be taken into account by a savings bank clerk in making a comparison of signatures. It does not necessarily follow, therefore, that the mere circumstance that the signature on a draft does not precisely resemble the signature of the depositor written in the signature book imputes culpable negligence to the bank for having failed to detect the forgery. The first duty of the bank was to compare the signatures. This it satisfactorily appears was done.

[4] The remaining question was whether, having made the comparison, it was culpably negligent in having failed to discover that the signatures on the drafts were forged. This was the crucial question which the jury had to determine in the principal case, and the defendant was entitled to have it sharply defined. The true rule upon the subject was expressed in the request to charge submitted by defendant in the following language:

"(2) If the discrepancy between the signatures on the four drafts, Defendant's Exhibits 4, 5, 6 and 7, and the admittedly genuine signatures of the plaintiff, was not marked and apparent, or would require a critical examination to detect, the failure on the part of the bank to discover the discrepancy is not evidence of negligence or lack of ordinary care on its part."

[5] The court refused to so charge, instructing the jury that if the discrepancies between the signature on the drafts and that of plaintiff were not marked and apparent, or would require a critical examination to detect, that fact "might be taken into consideration by the jury in passing upon the question whether or not the defendant exercised ordinary care to prevent fraud upon the plaintiff." The defendant was entitled to the charge as requested, and the modified or substituted charge was erroneous, because it left it open to the jury to convict the defendant of negligence, even though it may have considered that the discrepancies were not marked and apparent and would require a critical examination to detect. This error was fundamental and we cannot overlook it.

The judgment and order appealed from must therefore be reversed, and a new trial granted, with costs to appellant to abide the event. Order filed.

CLARKE, P. J., and SMITH and PAGE, JJ., concur. DOWLING, J., dissents.