Per Curiam.

In our view of the evidence, there was no showing that the defendant failed to use the due care and diligence required of it in paying out the moneys in suit. (Noah v. Bank for Sav., 171 App. Div. 191; Geitelsohn v. Citizens’ Sav. Bank, 17 Misc. 574; Appleby v. Erie County Sav. Bank, 62 N. Y. 12; Kelley v. Buffalo Sav. Bank, 180 N. Y. 171; Campbell v. Schenectady Sav. Bank, 114 App. Div. 337.) The proper party plaintiff in this action was Shirley Bloom, the depositor (Matter of Totten, 179 N. Y. 112). Her motion to amend the title of the action to substitute the infant beneficiary of the account as the plaintiff in her stead should have been denied. The title of the action is deemed amended accordingly. (Cf. Grippo v. Di Vito, 7 A D 2d 913.)
Appeal from “ decision ” dismissed. No appeal lies from a decision (Both v. Hyatt, 7 A D 2d 992). The judgment should *785 be unanimously reversed upon the law and facts, with $30 costs to the defendant, and complaint dismissed, with appropriate costs in the court below.
Concur — Pette, Hart and Brown, JJ.
Judgment reversed, etc.