■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN SADDLER, Appellant.— Appeal by defendant from five orders of the Supreme Court, Kings County, to wit: (1) one dated May 14, 1970, which denied his *coram nobis* application to vacate a judgment of conviction rendered April 19, 1966; (2) one dated October 15, 1970, which denied his motion to reargue said *coram nobis* application; (3) a third order dated June 1, 1970, which denied his *coram nobis* application to vacate a judgment of conviction rendered April 7, 1948; (4) another dated December 14, 1970, which granted his motion to reargue the latter *coram nobis* application, but adhered to the original decision; and, (5) finally, an order dated September 18, 1970, which denied his application for a writ of habeas corpus. Order of May 14, 1970 affirmed. No opinion. Appeal from order of October 15, 1970 dismissed. An order denying reargument is not appealable. Appeal from order of June 1, 1970, dismissed as academic. That order was superseded by the order of December 14, 1970. Appeal from so much of the order of December 14, 1970, as granted reargument dismissed. Defendant is not aggrieved thereby. Order of December 14, 1970 otherwise affirmed. No opinion. Order of September 18, 1970 reversed, on the law, and application remitted to the Criminal Term for a *coram nobis* hearing and a new determination. Although in his application to the Criminal Term which resulted in the order of September 18, 1970 defendant sought a writ of habeas corpus, in his notice of appeal he characterized the application as in *coram nobis;* and his and the District Attorney's briefs on this appeal do so also. The application was directed to the 1966 judgment. We agree that the application should have been treated by the Criminal Term as one for *coram nobis* relief. Defendant alleged that during the trial which resulted in the 1966 judgment one of the People's major witnesses, McFarlan, on cross-examination, falsely testified he had never been convicted of a crime, whereas he had, in fact, been previously convicted of robbery, grand larceny and other crimes. He further contended that the prosecutor knew that McFarlan's testimony was false, because he had McFarlan's "yellow sheet" in his hands during the interrogation and yet did not furnish the court or the defense attorney with the information contained therein. The District Attorney's answering affirmation failed to controvert these allegations; it argued only that defendant should submit a verified or photostatic copy of McFarlan's purported criminal record. We disagree with the District Attorney's position. The uncontroverted assertion of defendant that the prosecutor failed to make any effort to correct the false testimony

of McFarlan on cross-examination, although he knew it to be false, mandates that a hearing be held as to the truth of defendant's contentions, and, if true, as to whether such suppression was material and thus prejudiced defendant in his right to a fair trial (*People* v. *Zimmerman*, 10 N Y 2d 430; *People* v. *Burrell*, 20 A D 2d 546; cf. *People* v. *Savvides*, 1 N Y 2d 554). Hopkins, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.