■ LAWRENCE COLAGIOVANNI, Respondent, v CITY AND COUNTY SAVINGS BANK, Appellant.—Appeal from a judgment of the Supreme Court, entered February 1, 1974 in Albany County, upon a verdict rendered at a Trial Term in favor of the plaintiff. In this action the plaintiff sued to recover from the defendant moneys which he contended were withdrawn without his authorization and debited against his savings account with the defendant bank. The withdrawals were made by the plaintiff's wife during the period of approximately one year. The defendant does not raise any question as to the sufficiency of the proof in the record to permit a jury finding that the withdrawals were unauthorized by the plaintiff and were made upon the plaintiff's forged signature. The jury, in rendering its verdict, expressly found that there were withdrawals totaling $4,414 which were made upon withdrawal order forms to which the plaintiff's name had been forged. While the defendant presents several alleged errors, the only one which has merit upon this appeal is the question of whether or not the trial court erred when it specifically charged "that if a signature is forged against the plaintiff's account and he is not a party to it, and it isn't done by a conspiracy, and it isn't done with his consent, knowledge or permission, but is forged, the bank is liable for the loss to the depositor." As urged by the defendant, the appropriate rule for establishing the liability of savings banks in regard to unauthorized withdrawals of deposits is that set forth in the case of *Noah v Bank of Savings in City of N. Y.* (171 App Div 191, 193). It was noted in the *Noah* case that in regard to forgeries the bank must be found to have been negligent in regard to examining the forged signature of the depositor before liability could be imposed. In the present case, the plaintiff had surrendered his pass book to the bank as collateral security for a loan prior to the presentation of the forged instruments for withdrawals. Each and every withdrawal order admitted in evidence in this case recites on the bottom thereof and opposite the alleged signature of the depositor in bold black print that "Pass Book Must Accompany All Withdrawals". The record clearly establishes that the pass book was not in fact presented by the person who appeared before the tellers and presented the withdrawal slip. Payment by the tellers under such circumstances was in direct contravention of the provision of the withdrawal order in regard to pass books.* Under such circumstances, the rule expressed in the *Noah* case is not the controlling rule of law in regard to liability because in the *Noah* case the only possible error would have been a failure on the part of the tellers to detect the forgery upon comparison of the forged signature with the depositor's filed signature card. Since the plaintiff established a failure of the defendant to take reasonable precaution in regard to the obvious lack of precise compliance with the withdrawal order, liability was established as a matter of law insofar as the jury might find the signatures to have been forged and unauthorized. Upon the present record, the statement charged by the trial court was not erroneous or prejudicial to the defendant. It is readily apparent that, upon the present record, the defendant was not entitled to have the court charge the jury in a form which would limit liability solely to an examination of whether or not the tellers had made an

---

* By-laws of the City and County Savings Bank (§ VI, p 12).

appropriate comparison of signatures. It is interesting to note that the jury, when reporting its verdict, separated the withdrawal slips as to the genuine and the forged signatures. The remaining questions posed by the defendant either go to factual matters which were for the jury or constitute an unwarranted taking of a portion of the court's charge out of context. Judgment affirmed, with costs. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.