OPINION OF THE COURT
Gabrielli, J.
Defendants appeal from an order of the Appellate Division which affirmed their convictions of several counts of forgery in the second degree. The issue presented on this appeal is whether the actions described below, which defendants admittedly engaged in, comprise the crime of forgery in the second degree. We hold that they do not.
Defendant Molly Levitan signed three documents purporting to be deeds transferring title of certain real property in Suffolk County to entities controlled by her codefendants. She signed her own name to each of the deeds, and no pretense was ever made that the signatory was anyone other than defendant Molly Levitan. She signed one of the deeds as an individual grantor, and the other two as an officer of the corporate grantors. No claim is made that she was not authorized to do so by the corporate grantors. Unfortunately, neither Molly Levitan nor the corporate grantors held title to the realty purportedly transferred by the deeds. The true owners of the property were and remain unknown, and the land was not on the tax assessment rolls of the town in which it is located. The defendants intended to and did record the deeds and thereby have the land placed upon the assessment rolls under the record ownership of entities controlled by them. It was defendants’ intent to cause these entities to then default in payment of taxes on the land, so that defendants could purchase the land at a tax sale. The question on this appeal is whether Molly Levitan "forged” the three deeds. For the reasons discussed below, we conclude that she did not. Although defendants may well have committed other crimes, their convictions for forgery in the second degree may not stand.
The crime of forgery in the second degree is defined in section 170.10 of the Penal Law which, insofar as is pertinent, provides as follows: "A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated *90 to become or to represent if completed * * * [a] deed * * * or an instrument * * * filed in * * * a public office”. Assuming that all other elements of the crime of forgery in the second degree are present in this case, defendants’ convictions may not stand for the simple reason that Molly Levitan did not falsely make, complete, or alter a written instrument, as those terms are defined for purposes of delineating the crime of forgery. Under our present Penal Law, as under prior statutes and the common law, a distinction must be drawn between an instrument which is falsely made, altered or completed, and an instrument which contains misrepresentations not relevant to the identity of the maker or drawer of the instrument (see People v Cannarozzo, 48 NY2d 687, affg for reasons stated at 62 AD2d 503; People v Underhill, 142 NY 38; People v Sangiovanni, 52 AD2d 930).
In essence, the crime of forgery involves the making, altering, or completing of an instrument by someone other than the ostensible maker or drawer or an agent of the ostensible maker or drawer. While it is true that in certain rare instances one may commit a forgery by signing one’s own name, this is so only where the signing is done in such a way as to deceive others into believing that the signer is in fact some third party (see People’s Trust Co. v Smith, 215 NY 488; International Union Bank v National Sur. Co., 245 NY 368). This was the rule under prior law, and it remains the law today. While the Legislature certainly could change this rule, since it may define a crime however it wishes absent some constitutional infirmity, examination of the present statutes indicates quite persuasively that the Legislature has not chosen to modify this particular aspect of the traditional definition of forgery.
As noted above, forgery in the second degree requires that there have been a false making, a false altering, or a false completing of an instrument (see Penal Law, § 170.10); and these terms are themselves specifically defined in section 170.00 of the Penal Law. Thus, "[a] person 'falsely makes’ a written instrument when he makes or draws a complete written instrument in its entirety, or an incomplete written instrument, which purports to be an authentic creation of its ostensible maker or drawer, but which is not such either because the ostensible maker or drawer is fictitious or because, if real, he did not authorize the making or drawing thereof’ (Penal Law, § 170.00, subd 4). To come within the *91 ambit of this section, it is necessary that the actual maker or drawer be someone other than the ostensible maker or drawer and that the actual maker or drawer not have the authority to act for the ostensible maker or drawer. The section has no application where, as here, the ostensible drawer and the actual drawer are in fact one and the same person. Likewise, one may "falsely complete” an instrument only if one completes it "without the authority of anyone entitled to grant” such authority (Penal Law, § 170.00, subd 5). The term "anyone”, of course, refers to the ostensible drawer or maker or his agent. Thus, except possibly in extraordinary circumstances not here present, an instrument cannot be falsely completed by its ostensible drawer or maker or his agent. Similar limitations are found in the term "falsely alters”, since one may falsely alter an instrument only if one acts "without the authority of anyone entitled to grant it” (Penal Law, § 170.00, subd 6). Hence, in each case, there can be a forgery only if the actor is not the ostensible maker or drawer of the instrument and is not authorized by that person to either make, complete or alter the instrument.
Applying these principles to this case, it is evident that whatever crime may have been committed by thése defendants, it was not forgery. The deeds were in all cases signed by Molly Levitan using her own name, and this is not a case in which one may commit a forgery by signing one’s own name, since here there was no pretense that Molly Levitan was anyone other than herself. The People seek to avoid this result by arguing that the ostensible drawer of these deeds should be deemed to be not Molly Levitan, but the unknown true owner of the land. Were we to agree that the ostensible drawer was the true owner of the property, then it would follow that Molly Levitan falsely made these deeds since, as the actual drawer of the deeds, she admittedly did so without authorization from the true owner of the property. However, and it is all too evident, we cannot agree that the absent true owner should be considered the ostensible drawer of the deeds. Rather, Molly Levitan is both the actual drawer and the ostensible drawer, and thus did not forge the deeds.
The People’s argument is based on the fact that each deed contains a provision stating that the named grantor had title to the property. Hence, according to the People, the ostensible drawer of the deed should be deemed to be the true owner of the property rather than the person whose name appears *92 upon the deed. With this, we disagree. The flaw in this argument, quite simply, is that it confuses the ostensible drawer with the person who could create a valid deed. Actually, the ostensible drawer is the person who, from the face of the instrument, would appear to be its drawer, and not the person who in fact has the power to create such an instrument. Each of the deeds involved in this case declared the named grantor to be the owner of the property. In each case, Molly Levitan, the actual drafter of the deeds and the person who signed her name to them, either was that named grantor or was authorized to sign on behalf of the named grantor. Thus, the ostensible drawer in each case was Molly Levitan, acting either on her own behalf or on behalf of the corporate grantors named in the deeds. The fact that the grantors named in the deeds were not the real owners of the property cannot change the fact that the ostensible drawer of the deed in each case was Molly Levitan. Since she was both the actual and the ostensible drawer of the deeds in question, there was no forgery. Although the deeds may have contained false information, they were not falsely made.
Accordingly, the order affirming defendants’ convictions should be reversed, and the indictments should be dismissed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.