■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON and TRACEY JOHNSON, Appellants. — Appeals by defendants from two judg-ments (one as to each of them) of the County Court, Westchester County (Hickman, J.), both rendered September 18, 1980, convicting each of them of forgery in the second degree (three counts), upon jury verdicts, and imposing sentences. Judgments reversed, on the law, indictment dismissed and the case is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. We agree with defendants' contention that Tracey Johnson's signing of the three money orders cannot provide the basis for the crime of forgery in the second degree. She signed the money orders, which, except for the amounts, were blank, in her own name in the capacity of what is usually considered the purchaser. While the Consumers Money Order Corporation may have been the ostensible drawer of the money orders, we do not agree with the prosecution's contention that Tracey Johnson was the actual drawer of the money orders. She could have been only the agent of the drawer. Thus, since such agency was not indicated on the face of the money orders at the time Tracey Johnson signed them, she necessarily must be viewed as both the ostensible and actual agent of the drawer. Under such circumstances, there can be no forgery (see Penal Law, § 170.00, subd 5; *People v Levitan,* 49 NY2d 87). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.