(January 19, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPH M. PIENING, Appellant. — Appeal from a judgment of the County Court of Montgomery County (White, J.), rendered June 30, 1980, upon a verdict convicting defendant of the crimes of forgery in the second degree (five counts), possession of a forged instrument (five counts), voting in another name (three counts), voting more than once (two counts) and affecting the result of an election (one count). Defendant's convictions arose out of the 1975 and 1977 elections in the Town of Charleston, Montgomery County, for the position of town supervisor. Defendant won the 1975 election while running as a Republican, but failed in his bid to win the 1977 election as an independent following his defeat in the Republican primary. A complaint filed with the State Board of Elections charged that he signed the name of his brother, Michael Piening, to an absentee voter application for both the 1975 and 1977 elections, signed his brother's name to an absentee voter's envelope for both elections, and signed his brother's name to an independent nominating petition during the 1977 election. Defendant was ultimately indicted on 41 counts, charging him with forgery, possession of a forged instrument, falsifying business records, filing false instruments and with violations of the Election Law. The trial court submitted 16 of said counts to the jury, which found defendant guilty of all of them. Defendant was sentenced to five years' probation and a fine of $2,500. Defendant raises numerous issues on this appeal. *Inter alia,* he finds fault with the Grand Jury indictment. The Grand Jury originally returned five indictments against defendant in September, 1978. The trial court dismissed three of the indictments based on insufficiency of the evidence, but permitted the District Attorney to resubmit the charges to the Grand Jury in April, 1979. Defendant contends that it was error for the District Attorney to resubmit these charges to the Grand Jury and to submit several new charges at the same time. This contention is meritless. The prosecution was not prohibited from obtaining additional counts upon resubmission of the original charges to the Grand Jury. CPL 210.20 (subd 4) authorizes the resubmission of charges, by permission of the court, to the Grand Jury when an indictment has been dismissed for insufficient evidence, while CPL 200.80 provides that "a superseding indictment may be filed *at any time* before entry of a plea of guilty to an indictment or commencement of a trial" (*People v Potter,* 50 AD2d 410, 412; emphasis added). Clearly, these two sections authorize both the resubmission of the original charges and the submission of new ones to the second Grand Jury. Hence, the resulting indictments were not defective. We also reject defendant's contentions that the indictments should have been dismissed because (1) they were facially insufficient and (2) the alleged act of signing his brother's name should not have engendered charges of violations of five separate subdivisions of former section 436 of the Election Law. These contentions are also unpersuasive. First, regarding the alleged insufficiency of the indictments, it is generally sufficient to charge the language of the statute alleged to have been violated, unless that language is too broad (*People v Iannone,* 45 NY2d 589, 599). As set forth in CPL 200.50, the indictment is sufficient if it alleges where, when and what the defendant is accused of (see *id.,* at p 598). The indictments here were sufficiently particular to meet these requirements. Defendant's contention that one of the indictments should have been dismissed because several crimes were charged, arising out of one act, i.e., signing his brother's name, is also meritless. "[T]he same conduct may constitute more than one crime and the People may charge all of them in one indictment" (*People v Silverman,* 106 Misc 2d 468, 469; see CPL 200.20, subd 2,

par [a]). Similarly unpersuasive is defendant's claim that he was denied the right to a speedy trial. The prosecution satisfied the requirement of CPL 30.30, that it must be ready for trial within six months of the commencement of a criminal action on a felony charge, by announcing its readiness for trial on October 31, 1978 and May 2, 1979, shortly after the two sets of indictments were handed down on September 29, 1978 and April 20, 1979, respectively. Where the District Attorney timely announces his readiness for trial on the record, he has satisfied the requirements of CPL 30.30 (*People v Giordano,* 56 NY2d 524, 525). Similarly, there is no evidence here that defendant's constitutional right to a speedy trial under the Sixth Amendment or under CPL 30.20 was violated. More serious, however, is defendant's objection that the People failed to prove a prima facie case of his guilt of the crime of forgery in the second degree (Penal Law, § 170.10, subd 2). Pursuant to the statutory definition set forth in subdivision 4 of section 170.00 of the Penal Law, a necessary element of the crime of forgery is proof that the defendant has signed another's name without that person's authorization (see *People v Levitan,* 49 NY2d 87, 91). While the People submitted sufficient proof at the trial from which the jury could conclude that defendant signed his brother's name to the documents in question as charged, it did not submit any proof to establish that defendant signed his brother's name without his brother's authorization. Accordingly, the People failed to establish a prima facie case of forgery, and defendant's motion to dismiss as to the forgery charges, after the People rested, was incorrectly denied. Defendant's conviction under these counts must be reversed. However, although the prosecution failed to prove a prima facie case of forgery in the second degree and, hence, of possession of a forged instrument, it did adequately establish prima facie cases as to the other crimes of which defendant was convicted, i.e., voting in another name, voting more than once and affecting the result of an election. This was accomplished via the testimony of two handwriting experts who examined the disputed signatures and stated that they were the work of defendant, and by the testimony of an investigator for the board of elections who testified without objection that he was told by Michael Piening that the signatures in question did not look like his. Since proof of the lack of authorization of defendant's brother to sign his name on the documents in question was not a prerequisite for establishing a prima facie case of the commission of these crimes (see Election Law, §§ 17-102, 17-132), a prima facie case thereof was adequately presented so that the jury's guilty verdicts should be affirmed. We have examined defendant's remaining points and find them insufficient to require any further modification of the judgment. Judgment modified, on the law, by reversing so much thereof as convicted defendant of the crimes of forgery in the second degree (five counts) and possession of a forged instrument (five counts), said counts being hereby dismissed, matter remitted to the County Court of Montgomery County for resentencing, and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.