■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EMERY E. SMITH, Respondent.—Mikoll, J. Appeal from an order of the County Court of Chemung County (Castellino, J.), entered March 23, 1987, which granted defendant's motion to dismiss the indictment.

The facts are not in dispute. In April 1986, Mark Kinsman showed defendant a $100 American Express traveler's check with the name Arlton Nye signed on the lower front of the check. Nye had lost a number of such traveler's checks when he left them in a car he had rented. Kinsman told defendant that he would give him $20 if defendant would cash the $100 traveler's check for him. On April 14, 1986, defendant went to a bank, signed his own name on the front of the check as payee, endorsed his name on the back of the check and cashed it. He then gave $80 to Kinsman and kept $20 for himself. The act of placing his name as payee on the check was done without Nye's authority.

Defendant was indicted by a Chemung County Grand Jury and charged with one count of committing the crime of forgery in the second degree in violation of Penal Law § 170.10 (1). The indictment read as follows: "The defendant, in the City of Elmira, County of Chemung and State of New York, during the month of April 1986, with intent to defraud another, falsely completed a written instrument which was and purported to be an order for the payment of money, to wit: an American Express Travelers Cheque belonging to one Arlton Nye, number RC 163-614-138, payable to Emery Ernest Smith, in the amount of One Hundred Dollars ($100.00)."

The indictment also charged defendant with petit larceny in a second count.

County Court granted defendant's motion to dismiss the indictment pursuant to CPL 210.20 (1) (b) in a bench decision on March 13, 1987. This appeal by the People pursuant to CPL 450.20 (1) ensued.

The order of dismissal should be reversed and the indict-

ment reinstated. The facts demonstrate that defendant allegedly falsely completed the traveler's check by adding the name (his own) of a payee to it, thereby "transform[ing] an incomplete written instrument into a complete one, without the authority of anyone entitled to grant it, so that such complete instrument appear[ed] or purport[ed] to be in all respects * * * fully authorized by its ostensible maker" (Penal Law § 170.00 [5]). It is irrelevant in this situation that defendant added his own name as payee under the plain words of the statute.

The facts here differ from those in *People v Levitan* (49 NY2d 87), on which case defendant mistakenly relies. There, the Court of Appeals said in dictum: "Likewise, one may 'falsely complete' an instrument only if one completes it 'without the authority of anyone entitled to grant' such authority * * *. The term 'anyone', of course, refers to the ostensible drawer or maker or his agent" *(supra,* at 91 [citation omitted]).

The case of *People v Miller* (79 AD2d 579), also relied on by defendant in his brief, does not control here. In *Miller,* the names of payees were added to an already completed instrument. In the case before this court, the traveler's check was not completed, nor was the payee specified.

Order reversed, on the law and the facts, motion denied, indictment reinstated and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this court's decision. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.