■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY J. D'AMICO and DOMINIC BRETTI, Respondents. (Appeal No. 1.)—Order unanimously affirmed. Memorandum: The People appeal from an order granting defendants' CPL article 440 motion to vacate judgments convicting them of conspiracy to murder Richard Clair. After an evidentiary hearing, the court vacated the convictions and ordered a new trial on the ground that the People had failed to supply defendants with *Rosario* material *(People v Rosario,* 9 NY2d 286; CPL 240.45). The People also appeal from an order denying their motion to reargue or renew. We find that the court properly vacated the convictions and properly denied the motion to reargue or renew.

We reject the People's argument that failure to turn over *Rosario* material may be excused based upon a harmless error or good-faith analysis. It is clear from the record that Michael Daley, the Assistant District Attorney who prosecuted the conspiracy trial, was unaware of the existence of certain taped statements taken from an informant in March 1980 by agents of the Organized Crime Task Force. It was not until 1982, when he was preparing to prosecute the same two defendants for the murder of Dawn Grillo, that he discovered the tapes. Although the People argue that they cannot be held responsible for failing to give that material to defendants, that argument overlooks the fact that Frank Peo, a State Police officer originally assigned to the Task Force and one of the persons who interviewed the informant, was subsequently assigned to the Oneida County District Attorney's office to assist Daley in preparation of the conspiracy case for trial. Peo obviously knew of the taped interview and he was the one who transmit-

ted the entire file from the Task Force to Daley when it was determined that the Task Force lacked jurisdiction to prosecute.

Defendants contend that Peo's knowledge must be imputed to the People and we agree. The prosecution's failure to supply defendants with *Rosario* material cannot be excused by the prosecutor's ignorance of the tapes. The *Rosario* violation was caused by a breakdown in communication within the law enforcement establishment, an insufficient excuse for violating the statute *(see, People v O'Doherty,* 70 NY2d 479, 486; *People v Spruill,* 47 NY2d 869, 871; *People v McLaurin,* 38 NY2d 123, 126). Imputing Peo's knowledge to Daley, we think it clear that there was a *Rosario* violation and that there must be a reversal and a new trial. The prosecution is held to a very strict standard with respect to the *Rosario* question. In *People v Ranghelle* (69 NY2d 56, 63), the court declared that a failure to turn over *Rosario* material to a defendant constitutes per se reversible error requiring a new trial and that "the People's good-faith effort to locate, identify and discover all *Rosario* material does not excuse their failure to produce covered material" *(see also, People v Jones,* 70 NY2d 547; *People v Perez,* 65 NY2d 154).

With respect to the People's motion to reargue and/or renew, such motion in a criminal case is not appealable *(see,* CPL 450.20; *People v Armer,* 471 NYS2d 38; *People v Saddler,* 38 AD2d 964). "It is fundamental that in the absence of a statute expressly authorizing a criminal appeal, there is no right to appeal in a criminal case in this State (see *Matter of State of New York v King,* 36 NY2d 59, 63)" *(People v De Jesus,* 54 NY2d 447, 449). (Appeal from order of Oneida County Court, Hurlbutt, J.—CPL 440.10.) Present—Doerr, J. P., Denman, Boomer, Balio and Davis, JJ. *[See,* 136 Misc 2d 16.]