■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED ADKINS, Appellant. [653 NYS2d 1007] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for sentencing in accordance with the following Memorandum: Defendant was convicted of forgery in the second degree and petit larceny, arising out of the theft of a money order in the amount of $80.25. He was sentenced as a persistent felony offender to an indeterminate term of imprisonment of 17$^{1}$/$_{2}$ years to life on the forgery conviction. The record does not contain any reference to the sentence imposed on the conviction of petit larceny. A money order was purchased by the victim of the theft from the Solvay Bank in Syracuse on July 12, 1994 and signed by her as the maker, but the name of the payee was left blank. After the victim returned from lunch that day, she discovered that her purse containing the money order had been stolen from her office. Defendant presented the money order later that day to a teller at the Solvay Bank. He showed her his Sheriff's card as identification, printed his name as payee, endorsed his name on the back of the money order, and received the face value of $80.25.

The Penal Law requires that, in order to be guilty of the crime of forgery in the second degree, a person "with intent to defraud, deceive or injure another * * * falsely make[ ], complete[ ], or alter[ ] a written instrument which is or purports to be * * * [a] * * * commercial instrument" (Penal Law § 170.10 [1]). None of those requirements is present. Here, defendant did not falsely make the money order. The money order was made by the person who purchased it and who was authorized to make it. The money order was therefore authentic. Merely adding the name of the payee does not constitute forgery. Forgery is the "execution of an instrument which is not authentic. The distinction to be drawn is the difference between an instrument which is falsely made, and one that is made falsely" (*People v Cannarozzo,* 62 AD2d 503, 504, *affd* 48 NY2d 687 *for the reasons stated below; see, People v Johnson,* 88 AD2d 922; *People v Miller,* 79 AD2d 579; *cf., People v Smith,* 135 AD2d 1051). As pointed out by the Court of Appeals in *People v Briggins* (50 NY2d 302, 306), "[t]he forged character of

a document does not depend so much on whether it contains a falsehood, but on whether, on its face, it misrepresents its authenticity" (*see, People v Levitan*, 49 NY2d 87, 91; *People v Dunn*, 185 AD2d 54, 59, *lv denied* 81 NY2d 970).

Nor was the money order "falsely complete[d]" or "falsely alter[ed]" so as to make it appear or purport to be "an authentic creation of or fully authorized by its ostensible maker or drawer" (Penal Law § 170.00 [5], [6]). An instrument is not "fully authorized" when it is made in excess of the maker's authority such as by "altering or completing the amount of a check by someone with no authority to do so or in excess of the amount he is authorized to fill in" (*People v Cannarozzo, supra*, at 506). Here, defendant merely wrote his name in as payee in the space provided for that purpose and endorsed the money order with his name. The money order was in blank, without restrictions concerning the payee, similar to bearer paper or a check made out to cash; thus, anyone could negotiate it. In the absence of the requisite elements of the crime of forgery, the conviction of defendant of that crime must be reversed.

The verdict finding defendant guilty of petit larceny is based on legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The court, however, failed to impose a sentence on that conviction.

We have examined the contentions raised by defendant in his *pro se* supplemental brief and conclude that they are without merit.

We therefore modify the judgment by reversing defendant's conviction of forgery in the second degree under count one of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment, and we remit the matter to Onondaga County Court for sentencing on defendant's conviction of petit larceny (*see,* CPL 380.20; *People v Sturgis*, 69 NY2d 816). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Forgery, 2nd Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.