■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANET SEAVEY, Also Known as JANET SMITH, Also Known as JANET ERO, Appellant. [762 NYS2d 435] —Lahtinen, J. Appeal from a judgment of the County Court of Clinton County (Mc-Gill, J.), rendered September 26, 2001, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree (five counts), grand larceny in the third degree, forgery in the second degree, grand larceny in the fourth degree, petit larceny (three counts), criminal impersonation in the second degree (three counts) and scheme to defraud in the second degree.

On April 15, 1999, defendant signed her mother's name without authorization on a withdrawal slip and obtained $8,500 from her mother's account at a bank in the City of Plattsburgh, Clinton County. Subsequently, she engaged in like conduct on two occasions to obtain additional amounts of $2,000 and $600. In November 2000, defendant solicited and received funds from three businesses in Clinton County based upon her untrue claims that she represented the Girl Scouts and was collecting money for such organization. Defendant cashed or attempted to cash the checks for her own benefit and she altered the amount of one of the checks from $25 to $925. These and other activities of defendant culminated in a 16-count indictment in February 2001 charging her with criminal possession of a forged instrument in the second degree (five counts), grand larceny in the third degree, grand larceny in the fourth degree, petit larceny (four counts), forgery in the second degree, criminal impersonation in the second degree (three counts) and scheme to defraud in the second degree.

Defendant's initial assigned counsel was ostensibly replaced in May 2001 and her new attorney moved for, among other things, an order authorizing funds for a psychiatric expert pursuant to County Law § 722-c and an adjournment of the July 2, 2001 trial date. Defendant's request for funds was denied for failure to provide County Court with information it had requested, including the name of an expert and an estimated cost. The request for an adjournment was also denied. At the trial, defendant's treating psychiatrist testified about her bipolar condition and defendant testified in her own defense. At the close of the People's case, County Court granted defendant's motion to dismiss the seventh count of the indictment, which had alleged a petit larceny occurring in August 2000. The jury convicted defendant of the remaining 15 counts.

She was sentenced and then, because of an error at sentencing, resentenced two days later to various consecutive and concurrent terms of incarceration. This appeal ensued.

Defendant initially argues that the withdrawal slips she used to gain access to her mother's account do not constitute a "written instrument" within the meaning of the forgery provisions of the Penal Law because she did not also have the passbook for the account. Defendant's actions, which she admitted at trial, included preparing the withdrawal slips, signing her mother's name to the slips without authorization and using the slips to obtain her mother's money. She also presented the bank with a note she had prepared and to which she had signed her mother's name purporting to authorize the withdrawals. Such actions fall within the statutory language pertaining to forgery (*see* Penal Law § 170.00 [1]; § 170.10 [1]; *see also People v Ashner*, 190 AD2d 238, 245 [1993]). Defendant's reliance upon Banking Law § 238 (3) to support her argument is misplaced since that statute is a regulatory provision relating to the rights and responsibilities of banks and depositors (*see Meighan v Emigrant Ind. Sav. Bank*, 168 App Div 542 [1915], *affd* 222 NY 578 [1917]; *see also Colagiovanni v City & County Sav. Bank*, 48 AD2d 966 [1975]). It does not override the statutory definition of a "written instrument" for purposes of forgery as set forth in the Penal Law.

We find merit, however, to defendant's contention that count 12 of the indictment—criminal possession of a forged instrument in the second degree—should be reversed upon the ground that a forgery was not proven. "In essence, the crime of forgery involves the making, altering, or completing of an instrument by someone other than the ostensible maker or drawer or an agent of the ostensible maker or drawer" (*People v Levitan*, 49 NY2d 87, 90 [1980]). Count 12 pertains to defendant securing a $100 check from Eastern Technical Services, Inc. (hereinafter ETS), purportedly for the benefit of the Girl Scouts, and attempting to cash the check for her own benefit. Defendant did not, however, make or alter this particular check. It was prepared and signed by an authorized agent of ETS. The check was thus not a forgery as a matter of law (*see People v Adkins*, 236 AD2d 850 [1997], *lv denied* 90 NY2d 854 [1997]). Although defendant failed to raise this issue before County Court, we reach it pursuant to CPL 470.15 (3) (c), finding that the judgment of conviction must be reversed as to count 12 of the indictment and that count dismissed.

Next, defendant urges reversal in the interest of justice based upon a series of purportedly prejudicial conduct including,

among others, her first attorney's failure to make certain pretrial motions, County Court's refusal to grant an adjournment and County Court's denial of her request for funds to hire a psychiatric expert. The failure to make a particular pretrial motion generally does not establish ineffective assistance of counsel (*see People v Rivera*, 71 NY2d 705, 709 [1988]) and defendant has provided neither an explanation as to how she was prejudiced nor any indication that her second attorney was precluded from making relevant motions. Indeed, the record reflects that her second attorney made some motions once the case was assigned to him. There is no showing of prejudice in County Court's refusal to grant an adjournment, which is a decision generally left to the discretion of the trial court (*see People v Schnackenberg*, 269 AD2d 618, 619 [2000], *lv denied* 94 NY2d 925 [2000]). Nor has prejudice been shown in County Court's denial of a request for funds for a psychiatric expert, particularly in light of the fact that defendant's treating psychiatrist testified at trial. After reviewing these and the other purported errors suggested by defendant, we are unconvinced that the record supports reversal in the interest of justice.

Lastly, we turn to defendant's arguments that the sentence imposed was harsh and excessive and that one of the consecutive counts should have been concurrent. Because there are significant ambiguities in the record regarding defendant's sentence, we find that the matter must be remitted to County Court for resentencing. At defendant's initial sentencing on September 26, 2001, she received, as relevant herein, the following prison terms: 3½ to 7 years on count 1, with concurrent sentences on counts 2 through 4; 3½ to 7 years on count 5, consecutive to count 1, and with concurrent sentences on counts 6 and 7; 3½ to 7 years on count 8, consecutive to counts 1 and 5, and with concurrent sentences on counts 9 through 11 (including 2 to 4 years on count 11); 3½ to 7 years on count 12, consecutive to counts 1 and 8, and with concurrent sentences on counts 13 through 16. Ostensibly realizing that it had incorrectly sentenced defendant on count 7—which had been previously dismissed—County Court resentenced defendant on September 28, 2001.* At resentencing, defendant received, as relevant herein, 3½ to 7 years on count 11, consecutive, de-

---

* At the resentencing, County Court used the counts as set forth in the jury sheet rather than the original indictment and, thus, references to counts after count 6 were different by one from the counts in the indictment because count 7 had not been included in the jury sheet. Thus, at resentencing references to count 7 are to 8 from the indictment, 8 refers to 9 from the indictment, and so on. For purposes of clarity and consistency, all references to counts in our decision are from the counts as set forth in the indictment.

spite the fact that at the initial sentencing she received 2 to 4 years, concurrent. No explanation is provided for the change. Count 12, while maintained at 3½ to 7 years, was changed from consecutive to concurrent without explanation. Such facts are particularly significant in light of our decision herein dismissing count 12. In light of these ambiguities, the matter must be remitted for resentencing (*see People v Jenkins*, 300 AD2d 751, 754 [2002]; *see also People v Wright*, 56 NY2d 613 [1982]).

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing so much thereof as found defendant guilty of count 12 of the indictment; said count dismissed and matter remitted to the County Court of Clinton County for resentencing on all remaining counts; and, as so modified, affirmed.