THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ASAI, Appellant. [888 NYS2d 617]—

Stein, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 17, 2004 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree (10 counts) and grand larceny in the third degree.

Defendant was charged in an indictment with 10 counts of criminal possession of a forged instrument in the second degree and one count of grand larceny in the third degree arising out of his repeated application for and misuse of Price Chopper's "AdvantEdge" courtesy cards (hereinafter AdvantEdge card) in various stores located throughout Albany County from October 2003 through January 2004. While processing AdvantEdge card applications, Price Chopper's staff discovered multiple applications, each bearing defendant's correct name, address, telephone number and date of birth, but containing different driver's license identification numbers.[1] A subsequent search of Price Chopper's database revealed that 10 of the AdvantEdge cards issued to defendant had been blocked from further use as a

---

1. The card provides cardholders with, among other things, check cashing privileges. According to company representatives, only one card is issued per customer and the cards are tracked according to the applicant's driver's license identification number.

result of being associated with returned checks. A formal investigation revealed that defendant had used the various AdvantEdge cards to negotiate checks written on his own bank accounts that had either been closed or contained insufficient funds, resulting in Price Chopper's loss of merchandise and cash totaling $5,331.82.

After a jury trial, defendant was convicted of all charges. Supreme Court thereafter sentenced defendant to 11 consecutive prison terms of 3½ to 7 years,[2] plus restitution. Defendant now appeals.

Defendant first argues that the evidence was not legally sufficient to establish the charges of criminal possession of a forged instrument in the second degree. We agree. Establishment of a prima facie case of criminal possession of a forged instrument in the second degree requires the People to prove, among other things, that defendant knowingly uttered or possessed a forged instrument—meaning one that "has been falsely made, completed or altered" (Penal Law § 170.00 [7])—with the intent to defraud, deceive or injure another (*see* Penal Law § 170.25; *People v Cunningham*, 2 NY3d 593, 596 [2004]; *People v Levitan*, 49 NY2d 87, 90 [1980]; *People v Seavey*, 305 AD2d 937, 938 [2003], *lv denied* 100 NY2d 624 [2003]). "A person 'falsely makes' a written instrument when he [or she] makes . . . [an] instrument, which purports to be an authentic creation of its ostensible maker . . . , but which is not such either because the ostensible maker . . . is fictitious or because, if real, he [or she] did not authorize the making . . . thereof" (Penal Law § 170.00 [4]). Significantly, "[t]he forged character of a document does not depend so much on whether it contains a falsehood, but on whether, on its face, it misrepresents its authenticity" (*People v Briggins*, 50 NY2d 302, 306 [1980]). " 'The distinction to be drawn is the difference between an instrument which is falsely made, and one that is made falsely' " (*People v Adkins*, 236 AD2d 850, 850 [1997], *lv denied* 90 NY2d 854 [1997], quoting *People v Cannarozzo*, 62 AD2d 503, 504 [1978], *affd for reasons stated belou* 48 NY2d 687 [1979]).

Here, in completing the AdvantEdge card applications, defendant provided his own name, address, telephone number and date of birth. The applications were made by the person who was authorized to do so (*see People v Adkins*, 236 AD2d at 850-851). Although defendant gave fictitious driver's license numbers, he did not represent himself to be anyone other than Eric Asai. While defendant's conduct was clearly fraudulent,

---

**2.** By operation of law, this sentence was reduced to an aggregate sentence of 10 to 20 years (*see* Penal Law § 70.30 [1] [b], [e] [i]).

under these circumstances, since "the ostensible maker and the actual maker [of the applications] are one and the same, there can be no forgery under the statute" (*People v Cunningham*, 2 NY3d at 597; *see People v Asaro*, 94 NY2d 792, 793 [1999]; *see also People v Briggins*, 50 NY2d at 308; *People v Levitan*, 49 NY2d at 89-90 [property deeds contained false information but were not falsely made]; *People v Barton*, 28 AD3d 943, 944 [2006]; *People v Adkins*, 236 AD2d at 850-851). Thus, even considering the evidence in the light most favorable to the People, we find no valid line of reasoning or permissible inferences that could lead a rational person to conclude that the proof was sufficient to support defendant's convictions of the 10 counts of criminal possession of a forged instrument in the second degree (*see generally People v Lynch*, 95 NY2d 243, 247 [2000]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Maricevic*, 52 AD3d 1043, 1044 [2008], *lv denied* 11 NY3d 790 [2008]; *People v Luck*, 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]).

Turning next to his conviction of grand larceny in the third degree, defendant contends that Supreme Court erred in permitting the People to aggregate the amounts of the individual bad checks so as to convict him of one count of grand larceny, as opposed to multiple counts of petit larceny.[3] Specifically, defendant argues that the court erred in failing to instruct the jury that a conviction of grand larceny in the third degree requires proof of a single larcenous scheme executed over a period of time. Defendant's failure to request such jury charge and to object to Supreme Court's charge as given renders this claim unpreserved for our review (*see* CPL 470.05 [2]; *People v Ryan*, 46 AD3d 1125, 1127-1128 [2007], *lv denied* 10 NY3d 939 [2008]). Nor do we perceive any basis to exercise our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; *People v Renford*, 125 AD2d 967, 967 [1986], *lv denied* 69 NY2d 885 [1987]).

We find no merit to any of defendant's challenges to various rulings concerning the admissibility of evidence. First, with respect to the admission of identification evidence, after the People initially offered sufficient evidence to demonstrate that the pretrial photo array was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *People v Means*, 35 AD3d 975, 976 [2006], *lv denied* 8 NY3d 948 [2007]; *People v Chatham*, 55 AD3d 1045, 1045-1046 [2008]), defendant failed to meet his burden of demonstrating otherwise (*see People v Chatham*, 55 AD3d at 1046). Inasmuch as the record supports denial by County Court (Breslin, J.) of defendant's motion to

---

3. None of the individual checks exceeded $3,000 (*see* Penal Law § 155.35).

suppress the pretrial identification (*see People v Ramos*, 48 AD3d 984, 987 [2008], *lv denied* 10 NY3d 938 [2008]), the in-court identifications obtained therefrom were also admissible (*see People v Deshields*, 24 AD3d 1112, 1112-1113 [2005], *lv denied* 6 NY3d 811 [2006]).

We also find no abuse of discretion in Supreme Court's admission of certain evidence of defendant's uncharged crimes and prior bad acts (*see People v Rojas*, 97 NY2d 32, 37-38 [2001]; *People v Adams*, 39 AD3d 1081, 1082 [2007], *lv denied* 9 NY3d 872 [2007]). After determining that the identity exception to the *Molineux* rule was applicable (*see People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Molineux*, 168 NY 264, 293 [1901]; *People v Fuller*, 50 AD3d 1171, 1176 [2008], *lv denied* 11 NY3d 788 [2008]), Supreme Court properly conducted a hearing and weighed the probative value of defendant's prior convictions and bad acts against their prejudicial effect (*see People v Rojas*, 97 NY2d at 37-38; *People v Adams*, 39 AD3d at 1082). Notably, Supreme Court also gave appropriate limiting instructions to the jury regarding this evidence.

Defendant's contentions with regard to the admissibility of testimony concerning certain handwriting exemplars and with regard to the sentence imposed are rendered academic by the foregoing decision. To the extent not specifically addressed herein, we have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's convictions of criminal possession of a forged instrument in the second degree under the first 10 counts of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.