*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014          106233
                                                 106288
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Appellant,

        v                                MEMORANDUM AND ORDER

BOBBIE JO ZELLER,
                    Respondent.
_____

Calendar Date:  October 9, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

        Brian D. Pilatzke, Canton, for appellant.

        Nicole Duve, Special Prosecutor, Ogdensburg, for
respondent.

_____

Devine, J.

        Appeals (1) from an order of the County Court of St.
Lawrence County (Richards, J.), entered September 24, 2013,
which, upon reargument, partially granted defendant's motion to
dismiss the indictment, and (2) from an order of said court,
entered November 4, 2013, which denied the People's motion to
reargue.

        Defendant was charged by indictment with grand larceny in
the second degree (two counts), criminal possession of a forged
instrument in the second degree (three counts), grand larceny in
the third degree (two counts) and scheme to defraud in the first
degree as a result of her giving fake checks under the guise of
repaying debts to the victims who had loaned her money.

Defendant moved to dismiss the indictment, challenging, among other things, the legal sufficiency of the three counts of criminal possession of a forged instrument in the second degree on the ground that the checks created by defendant did not constitute forged instruments. County Court denied the motion. Pursuant to defendant's motion to reargue, the Court partially granted the motion and dismissed those three counts. Thereafter, the People moved for leave to reargue, which motion was denied by County Court. The People now appeal from both orders.[1]

The People maintain that County Court erred in dismissing the three counts at issue because the checks created by defendant are forged instruments within the meaning of Penal Law § 170.25. Under that section, "[a] person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he [or she] utters or possesses any forged instrument of a kind" as described under Penal Law § 170.10 (Penal Law § 170.25). A forged instrument is defined as a "written instrument which has been falsely made, completed or altered" (Penal Law § 170.00 [7]). Importantly, a person "'falsely makes' a written instrument when he [or she] makes . . . [an] instrument, which purports to be an authentic creation of its ostensible maker . . ., but which is not such either because the ostensible maker . . . is fictitious or because, if real, he [or she] did not authorize the making . . . thereof" (People v Asai, 66 AD3d 1138, 1139 [2009], quoting Penal Law § 170.00 [4]). Determining whether a document is forged "does not depend so much on whether it contains a falsehood, but on whether, on its face, it misrepresents its authenticity" (People v Briggins, 50 NY2d 302, 306 [1980]).

---

[1]    Inasmuch as no appeal lies from an order denying a motion to reargue, the appeal from that order is dismissed (see People v D'Amico, 148 AD2d 982, 983 [1989]; William C. Domino, Supp Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 450.20, 2014 Cummulative Pocket Part at 84 ["To be appealable, the order must be found to be one of the orders specified in (CPL 450.20)"]).

Defendant did not attempt to portray herself as someone other than herself in executing the checks (see People v Asaro, 94 NY2d 792, 793 [1999]; People v Asai, 66 AD3d at 1139; People v Johnson, 96 AD2d 1083, 1083 [1983], affd 63 NY2d 888 [1984]). Nor does this case present a situation in which defendant made out the checks without attaining the requisite authorization from another individual (see People v Ippolito, 20 NY3d 615, 624 [2013]; People v Cannarozzo, 62 AD2d 503, 504-505 [1978], affd 48 NY2d 687 [1979]). Thus, the checks at issue in this matter "were not falsely made," as provided in the forgery statute (People v Levitan, 49 NY2d 87, 92 [1980]; see People v Cunningham, 2 NY3d 593, 596-597 [2004]). Defendant's fabrication of the checks bearing her name and address, as the purported bank account holder, makes her the ostensible maker (see People v Briggins, 50 NY2d at 307) and the placement of defendant's signature on the checks renders defendant the actual maker of the checks. Where, as here, the ostensible maker and the actual maker of the written instrument are the same person, the alleged crime of criminal possession of a forged instrument in the second degree must be dismissed (see People v Cunningham, 2 NY3d at 597-599; People v Levitan, 49 NY2d at 89-90; People v Morehouse, 109 AD3d 1022, 1023 [2013]; People v Asai, 66 AD3d at 1139-1140).

Stein, J.P., Garry, Rose and Lynch, JJ., concur.

ORDERED that the order entered September 24, 2013 is affirmed.

ORDERED that the appeal from the order entered November 4, 2013 is dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court