People v Overbaugh (2019 NY Slip Op 06546)





People v Overbaugh


2019 NY Slip Op 06546


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

110132

[*1]The People of the State of New York, Appellant,
v
Richard N. Overbaugh, Respondent.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for appellant.
Dominic J. Cornelius, Public Defender, Hudson (Jessica Howser of counsel), for respondent.



Egan Jr., J.P.
Appeals (1) from an order of the County Court of Columbia County (Nichols, J.), entered July 16, 2018, which granted defendant's motion to dismiss the indictment, and (2) from an order of said court, entered March 8, 2018, which denied the People's motion for reconsideration.
In October 2016, defendant, an inmate at Greene County Correctional Facility, was charged by indictment with aggravated harassment of an employee by an inmate, stemming from an April 2016 incident wherein defendant was transported to Columbia Memorial Hospital for medical treatment and thereafter allegedly drank his own urine and spat it in the face of a correction officer (hereinafter the victim). The parties thereafter entered into a stipulation in lieu of motions and, pursuant thereto, County Court reviewed, among other things, the grand jury minutes to determine whether there was legally sufficient evidence to support the indictment. In December 2016, County Court dismissed the indictment, determining that the evidence before the grand jury was legally insufficient inasmuch as the People's sole witness — the victim — had not been administered the correct oath and, as such, had presented unsworn testimony to the grand jury. The People thereafter moved for reconsideration, averring that the court reporter had erroneously omitted reference to the correct oath which had, in fact, been appropriately given by the jury foreperson to the victim, and the People affixed to the motion a corrected copy of the grand jury minutes reflecting same.[FN1] In February 2018, County Court denied the People's motion for reconsideration. The People appeal from both orders.[FN2]
Initially, it is well settled that "no appeal lies from a determination made in a criminal [action] unless specifically provided for by statute" (People v Pagan, 19 NY3d 368, 370 [2012] [internal quotation marks, brackets and citations omitted]). Here, the People's underlying motion purports to be one for "reconsideration"; however, even construing such motion as a motion to reargue and/or renew, there is no statute authorizing the People to appeal from the denial of such a motion in a criminal action (see CPL 450.20; People v Zeller, 122 AD3d 1081, 1082 n [2014]; People v D'Amico, 148 AD2d 982, 983 [1989]; People v Armer, ___ AD2d ___, ___, 471 NYS2d 38, 38 [1984]; William C. Domino, 2012 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 450.20, 2019 Cumulative Pocket Part at 113; see also People v De Jesus, 54 NY2d 447, 449 [1981]; Matter of State of New York v King, 36 NY2d 59, 62-63 [1975]). Accordingly, the People's appeal from County Court's March 2018 order denying the People's motion for reconsideration must be dismissed. Additionally, as the People have not raised any additional basis for challenging the order entered in July 2018, they have abandoned any such grounds on appeal.
Lynch, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order entered July 16, 2018 is affirmed.
ORDERED that the appeal from the order entered March 8, 2018 is dismissed.



Footnotes

Footnote 1: The People initially moved for reconsideration by way of an informal letter application dated January 5, 2017; however, County Court subsequently required the People to make a formal motion for the relief requested, which the People filed in March 2017.

Footnote 2: Although inartfully drafted, inasmuch as the People's notice of appeal sufficiently references the two orders presently at issue, we construe the People's notice of appeal as having been taken from both orders. Moreover, although County Court's initial order dismissing the indictment is dated December 13, 2016, for reasons not clear from the record, said order was not entered until July 16, 2018. Thus, to the extent that the notice of appeal is premature in that it erroneously purports to appeal from an order "dated December 13, 2016 and entered March 7, 2018," we similarly exercise our discretion and deem it to be timely and valid (see CPL 460.10 [6]; People v Setterlund, 137 AD3d 1420, 1421 [2016]; People v McFadden, 127 AD3d 1340, 1341 [2015], lv denied 26 NY3d 932 [2015]).